UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KIMBERLY MCDONALD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 17 C 2344 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly McDonald brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff applied for benefits on October 4, 2013, alleging a disability onset date of September 23, 2013. (R. 85, 93.) Her application was initially denied on December 17, 2013, and again on reconsideration on June 11, 2014. (R. 93, 106.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on October 2, 2015. (R. 32-83.) On January 22, 2016, the ALJ issued a decision finding plaintiff not disabled. (R. 19-27.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 21.) At step two, the ALJ determined that plaintiff has the severe impairments of fibromyalgia and degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (*Id.* at 22.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work, and thus she is not disabled. (R. 23-27.)

Plaintiff contends that the ALJ improperly evaluated the opinions of the agency medical reviewers. The Court agrees. Agency reviewers Drs. Vincent and Pardo opined that plaintiff had the severe impairment of "Disorders of Muscle, Ligament and Fascia." (R. 88, 99.) The ALJ stated that he "considered the opinions of the state agency consultants" and "afford[ed] [them] some weight," but he did not specifically mention this impairment or the reviewers' opinions in the decision. (*See* R. 26.) The ALJ's failure to do so was error. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").[1]

The Court also agrees that the ALJ erred with respect to considering plaintiff's fibromyalgia. Though the ALJ found that fibromyalgia was a severe impairment, he did not

---

[1] Defendant argues that "disorders of muscle, ligament and fascia" is a "general category" of impairments, and the agency reviewers later "identified plaintiff's condition more specifically as a 'Spine Disorder.'" (Defs.' Resp. Mot. Summ. J. at 3.) Defendant does not, however, cite any authority for the notion that a spine disorder is a type of disorder of the muscles, ligaments and fascia, and the definition of these terms suggests that it is not. *See Dorland's Illustrated Medical Dictionary* (32d ed. 2012) (defining muscle as "an organ which by contraction produces the movements of an animal organism," a ligament as a "band of tissue that connects bones or supports viscera," fascia as "a sheet or band of tissue such as lies deep to the skin or forms an investment for muscles and various other organs of the body," and spine as "columna vertebralis" or "any of the thirty-three bones of the vertebral column."). Thus, the agency reviewers' references to "disorders of muscle, ligament and fascia" do not, as defendant argues, appear to be a "harmless" "deficiency in decision writing." (Def.'s Resp. Mot. Summ. J. at 4.)

determine whether it equaled[2] the severity of a listed impairment, as required by step three of the disability analysis. 20 C.F.R. § 404.1520(a)(4)(iii). That omission was error. *Id.*[3]

Plaintiff also argues that the RFC formulated by the ALJ -- that plaintiff can do light work with occasional climbing, kneeling, and crawling (R. 23) -- does not account for the non-exertional limitations imposed by plaintiff's fibromyalgia. As plaintiff correctly notes, people with fibromyalgia "may . . . have nonexertional physical or mental limitations because of their pain or other symptoms." SSR 12-2p, 2012 WL 3104869, at *6; (*see* Pl.'s Mem. Supp. Mot. Summ. J. at 5.) She does not, however, identify any record evidence that suggests she has such limitations. Absent supporting evidence, the ALJ did not err by failing to impose non-exertional limitations in the RFC.

Next, plaintiff argues that the ALJ improperly weighed the opinion of plaintiff's treating physician, Dr. Bancerek-Stengele. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ gave:

> [L]ittle weight to the opinion submitted by family physician Justyna Bancerek-Stengele, M.D. She opined that the claimant was unable to work, stating that the claimant could stand for only one hour and sit for less than 4 hours in an 8-hour day. She stated that this assessment was based upon the lumbar MRI and the claimant's chronic pain. However, this opinion directly conflicts with this physician's records, which shows [sic] normal neurological functioning and also conflicts with records from the claimant's psychiatrist, which show exercise.

(R. 25) (citations omitted).

---

[2] Fibromyalgia "cannot meet a listing . . . because [it] is not a listed impairment." SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012).
[3] On remand, the ALJ will have to decide whether, as plaintiff asserts, an updated medical opinion is required to make this determination. (Pl.'s Mem. Supp. Mot. Summ. J. at 8-9.)

It is not clear, however, why the ALJ ascribed any significance to plaintiff's normal neurological functioning, as no medical professional opined about the connection, if any, between fibromyalgia and neurologic function. Similarly, if plaintiff told her psychiatrist that she rode her bike three times a week, an assertion plaintiff denies (*see* R. 44-45, 466), it is not clear how that alleged fact impugns Dr. Bancerek-Stengele's opinion about the limitations on plaintiff's ability to stand and sit during a workday. In any event, even if these purported flaws justified the ALJ's refusal to give Dr. Bancerek-Stengele's opinion controlling weight, the ALJ was still required to, but did not, assess the doctor's opinion by considering "the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c). For all of these reasons, the ALJ erred in assessing Dr. Bancerek-Stengele's opinion.[4]

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [11], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:  September 25, 2017**

*[signature: M. David Weisman]*

**M. David Weisman**
**United States Magistrate Judge**

---

[4] Because the ALJ's assessment of the medical evidence informs her credibility determination/ symptom evaluation, that issue will have to be revisited on remand as well.